NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-7170

JOHN M. ROSE,

Claimant-Appellant,

v.

R. JAMES NICHOLSON, Secretary of Veterans Affairs,

Respondent-Appellee.

John M. Rose, of Las Vegas, Nevada, pro se.

David M. Hibey, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With him on the brief were Peter D. Keisler, Assistant Attorney General, Jeanne E. Davidson, Director, and Deborah A. Bynum, Assistant Director. Of counsel on the brief were Michael J. Timinski, Deputy Assistant General Counsel, and Christopher P. McNamee, Staff Attorney, United States Department of Veterans Affairs, of Washington, DC.

Appealed from: United States Court of Appeals for Veterans Claims

Judge Robert N. Davis

NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-7170

JOHN M. ROSE,

Claimant-Appellant,

v.

R. JAMES NICHOLSON, Secretary of Veterans Affairs,

Respondent-Appellee.

_____

DECIDED:  August 10, 2007

_____

Before LOURIE and LINN, <u>Circuit Judges</u>, and BUCKLO, <u>District Judge</u>.[*]

PER CURIAM.

John M. Rose ("Rose") appeals from a final judgment of the United States Court of Appeals for Veterans Claims ("Veterans Court"), affirming a decision by the Board of Veterans' Appeals ("Board") that denied entitlement to service connection for acquired immune deficiency syndrome and associated psychosis, claimed as human immunodefiency virus.  <u>Rose v. Nicholson</u>, No. 04-2121 (Vet. App. Nov. 22, 2006). Because Rose's arguments on appeal relate to issues over which we do not have jurisdiction, <u>see</u> 38 U.S.C. § 7292, we <u>dismiss</u>.

---

[*]    Honorable Elaine E. Bucklo, District Judge, United States District Court for the Northern District of Illinois, sitting by designation.

This court's jurisdiction to hear appeals from the Veterans Court is strictly limited to questions of law; we have no jurisdiction to review "(A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292. Although Rose contends that the Veterans Court's decision involved the validity or interpretation of 10 U.S.C. § 1219, that statute governs the validity of signed statements relating to the origin, incurrence, or aggravation of a disease or injury. Neither that statute nor the type of statements it covers were presented to, addressed by, or relied upon by the Board or the Veterans Court. Rather, the "statements" that Rose points to as violative of section 1219 were actually the arguments that Rose presented to the agency in an effort to establish that his disability was contracted while serving with the Army National Guard in May 1992. Because the Veterans Court's decision did not involve the validity or interpretation of 10 U.S.C. § 1219, Rose's arguments based on that statute are not relevant to this appeal.

Rose's remaining arguments all relate to error in the Board's finding that there was no service connnection. Such arguments are directed to factual determinations and the application of law to facts—issues that exceed the scope of our jurisdiction. Accordingly, because Rose fails to present an issue over which we have jurisdiction, the appeal is dismissed.

COSTS

No costs.